■ In the Matter of JOSEPH L. GALIBER, Petitioner, v. ARNOLD FRAIMAN et al., Respondents.— Application to vacate and annul an order of the Supreme Court, New York County, unanimously denied and the petition dismissed, without costs and without disbursements. The petitioner, Joseph L. Galiber, is directed to pay to Alphonso Bowens, or his legal representative, the sum of $2,250 forthwith. The order of this court entered on November 7, 1974, is vacated. No opinion. Concur — Nunez, J. P., Murphy, Steuer, Tilzer and Lane, JJ. [46 A D 2d 750.]

## (November 19, 1974)

■ NANDOR SEIDENFELD, Respondent, v. KOBI POLYETHYLENE BAG MFG. Co., INC., et al., Appellants, et al., Defendants.— Order, Supreme Court, New York County, entered December 11, 1973, unanimously reversed, on the law, defendants-appellants' motion for summary judgment dismissing the complaint granted, without prejudice as hereinafter set forth, and plaintiff-respondent's motion to amend his complaint denied. Appellants shall recover of respondent $60 costs and disbursements of this appeal. The complaint, said to be based on fraud, when put to the test of summary judgment, is not supported by the requisite proofs. This would be so even if the complaint were to be regarded as one for breach of contract. It may be that plaintiff is in a position to supply the deficiencies in proof and, accordingly, this disposition is without prejudice to application at Special Term for leave to amend the complaint, accompanied by evidence by affidavit in support of the proposed amendment. (See *Cushman & Wakefield* v. *John David, Inc.*, 25 A D 2d 133.) Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Yesawich, JJ.

■ H. HENTZ & Co., Respondent, v. JACQUES SARLIE, Appellant, et al., Defendant.— Order, Supreme Court, New York County, entered on June 3, 1974, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur — Markewich, Lupiano, Steuer and Tilzer, JJ.; McGivern, P. J., concurring in the following memorandum: Although I concur in affirming at this stage of the pleadings, I have no certitude that the plaintiff ultimately shall prevail. The plaintiff broker corporation, a sophisticated operative in these arcane areas of intercontinental finance, was not blindfolded; and it knowingly failed to comply with the ineluctable demands of the Internal Revenue Code (U. S. Code, tit. 26, §§ 4918, 6681). As a result of its own conscious noncompliance with the statutory requirements, exclusively applicable to brokers in this field, a statutory penalty was assessed against Hentz by the Internal Revenue Code. Accordingly, I would affirm, but without prejudice, after an answer has been interposed, to such further applications for relief as the defendant may choose to make.